IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Anthony Gibson, | ) | C/A No. 3:09-475-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Town of Eastover, Chezdent Thompson, Timothy Ford, Joan Simmons and Odell Weston, | ) | |
| Defendants. | ) | |

This matter is before the court on the motion of Geraldine S. Gibson, personal representative of the Estate of Anthony Gibson, to voluntarily dismiss this action. (ECF No. 80.) The court held a status conference in this case on November 16, 2010. At that time the plaintiff's wife, Geraldine Gibson, informed the court that the plaintiff was deceased. The court allowed Mrs. Gibson thirty days to provide the court with documentation that Mrs. Gibson was appointed as personal representative of the plaintiff's estate and to inform the court whether, as the estate's personal representative, she wished to proceed with this matter. (See ECF No. 78.)

On December 16, 2010, Mrs. Gibson filed with the court the certificate of appointment certifying that she is the personal representative of the plaintiff's estate.[1] Mrs. Gibson further

---

[1] Pursuant to Federal Rule of Civil Procedure 25, it is hereby ordered that Geraldine S. Gibson, as personal representative of the estate of Anthony Gibson, is substituted for Anthony Gibson as the plaintiff. The Clerk of Court is hereby directed to amend the caption accordingly.

requested that this civil action be dismissed. (ECF No. 80.) The defendants[2] responded, stating that they do not oppose the motion and asking for this matter to be dismissed with prejudice. (ECF No. 82.) Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may not voluntarily dismiss his action without order of court after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties, which has not occurred here. Therefore, this action may be voluntarily dismissed only with leave of court on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2).

In deciding appropriate terms for dismissal of an action pursuant to Rule 41(a)(2), a court should consider factors such as "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal," as well as "the present stage of litigation." See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotations omitted); see also Choice Hotels Int'l Inc. v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir. 1993) (recognizing a district court's authority to dismiss an action pursuant to Rule 41(a)(2) with prejudice in appropriate circumstances). In this case, the defendants expressly request that the dismissal be with prejudice. (ECF No. 82.) They have filed both an answer (ECF No. 21) and a motion for summary judgment, which consists of a twenty-seven-page motion and accompanying memorandum and approximately seventy pages of attached exhibits (ECF No. 63). Based on the defendants' efforts and expenses thus far, the present stage of this litigation, and Mrs. Gibson's express desire not to

---

[2] The plaintiff did not provide service documents for Defendant Ford as directed by the court's order dated March 9, 2009 (ECF No. 8); consequently, service of process has never been effected on Defendant Ford. Defendant Ford must therefore be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

proceed with this matter, the court finds dismissal with prejudice to be appropriate.  See <u>Andes v. Versant Corp.</u>, 788 F.2d 1033 (4th Cir. 1986); <u>Phillips USA, Inc.</u>, 77 F.3d at 358.

## RECOMMENDATION

For the foregoing reasons, the court recommends that Mrs. Gibson's motion to dismiss the Complaint (ECF No. 80) be granted and this matter be dismissed *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2).  The court further recommends that the defendants' motion for summary judgment be terminated.  (ECF No. 63.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 20, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).